**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brandon Kotaniemi, et al,<br>Plaintiffs,<br>v.<br>United States of America, et al.,<br>Defendants. | Case No. 2:25-cv-02403-APG-NJK<br>**Order**<br>[Docket No. 41] |

Pending before the Court is the United States' unopposed motion to extend discovery deadlines. Docket No. 41. The Court held a hearing on the motion on October 28, 2026. Docket No. 44.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

The presumptively reasonable discovery period is 180 days from the date the first defendant answered or otherwise appeared. LR 26-1(b)(1). In this case, the Court has already allowed the parties a total of 363 days for discovery – nearly double the presumptively reasonable amount. *See* Docket No. 21. Nonetheless, the parties now request an additional 199 days of discovery. *See* Docket No. 41. The United States submitted at the hearing that a certain agreement is vital to its case; however, it has known that this agreement is vital since before filing its third-party complaint on April 10, 2026. *See* Docket No. 14. Even though the State of Nevada defendants answered the third-party complaint on July 9, 2026, *see* Docket No. 22, and the UMC defendants entered their appearance on August 26, 2026, *see* Docket No. 26, the parties conceded that no discovery has been conducted regarding this agreement. In fact, all parties admitted that very little discovery has been conducted thus far, despite the lengthy discovery period granted by the Court.

On this record, the Court cannot find that the parties have diligently engaged in discovery.

In short, good cause for the extension sought has not been shown. Under the relevant case law, the Court would be justified in denying the United States' motion in its entirety due to the lack of good cause shown. Nonetheless, given the desire to resolve the case on its merits, the Court will allow a 60-day extension of the requested deadlines. During this time, the parties must diligently engage in discovery. Any future request for an extension must comply in full with all Local Rules and Federal Rules and must include an appropriate showing of all required standards.

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Accordingly, the United States' motion is **GRANTED** in part and **DENIED** in part. Docket No. 41. Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties: January 8, 2027
- Initial experts: February 8, 2027
- Rebuttal experts: March 9, 2027
- Discovery cutoff: April 9, 2027
- Dispositive motions: May 7, 2027
- Joint proposed pretrial order: June 7, 2027, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 28, 2026

Nancy J. Koppe
United States Magistrate Judge